CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-7234
    Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RED EAGLE LAW, L.C. *et al.*, | CASE NO. 3:26-cv-04850-CRB |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONTINUE BRIEFING DEADLINES; [PROPOSED] ORDER** |
| v. | |
| JOSEPH B. EDLOW, *in his official capacity as the Director of U.S. Citizenship and Immigration Services*, | |
| Defendant. | |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant respectfully submits this motion for administrative relief, requesting that the Court continue by 14 days the current June 12, 2026 deadline to respond to Plaintiffs' pending motion to certify class (ECF No. 19) and the current June 15, 2026 deadline to respond to Plaintiffs' motion for preliminary injunction (ECF No. 20). In sum, the central issue in this case—the adjudicative holds resulting from two national immigration policies—was addressed in a nationwide vacatur issued by a federal court in Rhode Island just days ago, and the modest extension is required to clarify what, if anything, is required for further briefing with this Court.

## I.    Factual Background

This case concerns 398 Plaintiffs[1] who filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief on May 25, 2026 (served on June 1, 2026), challenging two nationwide policies that were issued by U.S. Citizenship and Immigration Services ("USCIS") concerning an adjudicative hold on applications for immigration benefits submitted by individuals from countries that had been identified as "high risk" by the United States, referred to as PM-602-0192 and PM-602-0194 (the "Policy Memoranda"). *See* ECF No. 1 (the "Complaint"). Plaintiffs subsequently filed three motions. On the same day they filed their Complaint, Plaintiffs submitted an *ex parte* application for expedited discovery of administrative records involving the "Policy Memoranda and other guidance related to immigration screening by the agency. ECF No. 7. On May 31, 2026, Plaintiffs filed a motion to certify a class of individuals whose benefits applications were not adjudicated because of these two policies. ECF No. 19 at 9. And on June 1, 2026 Plaintiffs filed a motion for preliminary injunction requesting that the Court enjoin USCIS from implementing the Policy Memoranda on Plaintiffs' applications for immigration benefits and order the agency to adjudicate (1) Plaintiffs' Form I-765, Application for Work Authorization within ten days and (2) "all other immigration benefit applications" within sixty days. ECF No. 20 at 32.

On June 5, 2026, the United States District Court for the District of Rhode Island in *Dorcas Int'l Inst. Of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026) ordered—at the summary judgment stage—that the Policy Memoranda are unlawful and are to be vacated. On June 9, 2026, the United States submitted an expedited request in *Dorcas* to

---

[1] Plaintiffs' motion for preliminary injunction represents that they are 399 individuals. *See* ECF No. 20 at 3.

enter final judgment of the district court's order to vacate the Policy Memoranda or, in the alternative, clarify that the order operates as an injunction pending issuance of a final judgment. Dkt. 31, *Dorcas Int'l Inst. Of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS (D.R.I. June 9, 2026) ("Expedited Request for Clarification"). In its Expedited Request for Clarification, the United States has indicated that "[o]nce this Court issues a final judgment or makes clear it has issued a coercive order, [the Department of Homeland Security] has prepared to and will treat the relevant policies as vacated or enjoined." *Id*. at 2.

Given the potential implications of the *Dorcas* decision in this matter, on June 8, 2026, counsel for Defendant reached out to Plaintiffs' counsel about a potential stipulation to continue the briefing schedule of the motion to certify class and the motion for preliminary injunction so that the parties can gain further clarity on the impact of *Dorcas* on the pending motions and thereby preserve the parties' and the Court's resources on unnecessarily briefing issues. ECF No. 28-1 Nag Young Chu Declaration ¶2. That same day, Plaintiffs responded that they disagreed with Defendant's position, without providing further explanation for their rejection. *Id*. ¶3.

**II.  The Briefing Schedule Should be Continued Given the Decision in *Dorcas* to Vacate the Policy Memoranda, Which is the Core Issue in This Action**

Defendant respectfully submits that the requested continuance would promote the interests of judicial economy and conserve the Court's and the parties' resources for multiple reasons.

First, since Plaintiffs filed their Complaint and class certification and preliminary injunction motions, a federal court has entered an order that has significant implications on the application of the Policy Memoranda that are the primary focus of this litigation. Indeed, the Policy Memoranda are the centerpiece of both pending motions from Plaintiffs. *See* ECF No. 19 at 8 ("These Policy Memoranda are a uniform federal conduct that is subject to classwide challenges pursuant to Fed. R. Civ. P. 23."); *see* ECF No. 20 at 6 (arguing that the Policy Memoranda "impose[] sweeping adjudicative holds on immigration benefit applications filed by natives and/or citizens from countries identified in Presidential Proclamations 10949 and 10998" and "[a]s a result, hundreds of applications have been frozen indefinitely … leaving Plaintiffs trapped in immigration limbo with no meaningful avenue for relief."). The motion for preliminary injunction focuses on Plaintiffs' arguments that the Policy Memoranda must be lifted

because of the "ongoing, severe, and escalating harm impacting Plaintiffs in this action . . . absent court relief." *See* ECF No. 20 at 12.  And, likewise, the glue that holds Plaintiffs' proposed class together—which claims to represent "every additional applicant nationally and abroad whose pending benefit application . . . is subject to the *same uniform hold*"— is the Policy Memoranda.  *See* ECF No. 19 at 12 (emphasis added).  But the district court in *Dorcas* declared unlawful and ordered the Policy Memoranda to be vacated, and the United States has indicated that it is prepared to comply with the *Dorcas* order, pending the court's entry of final judgment or clarification that the order granted injunctive relief. Accordingly, any further developments related to the *Dorcas* decision will have important implications for what issues, if any, will need to be briefed before this Court, especially once the *Dorcas* court enters final judgment or clarifies that its summary judgment order operates to enjoin the government from applying the Policy Memoranda.

Second, a 14-day continuance of the briefing schedule in this matter will give the parties a modest amount of time to understand the impact of the *Dorcas* decision on this case and, in particular, on Plaintiffs' applications for immigration benefits.  Because the United States has expressed its willingness to operate without the Policy Memoranda in effect, pending further clarification from the district court in Rhode Island, *see* Expedited Clarification Request, it is unclear whether, and to what extent, a removal of the adjudicative holds on these applications will resolve the issues in this case.  The additional 14 days will allow the parties to await the District of Rhode Island's entry of final judgment or clarity that it is an injunctive order and then meet and confer on what issues, if any, remain for briefing in this case.

Third, the *Dorcas* decision affects Plaintiffs' remaining mandamus claim for specific timelines to adjudicate their benefits applications, and a continuance is necessary to efficiently determine this process and schedule.  Plaintiffs request that—in addition to an order enjoining the Policy Memoranda—the Court order Defendant to adjudicate Plaintiffs' Form I-765 applications within 10 days and "all other immigration benefit applications" within 60 days.  ECF No. 20 at 32.  But given *Dorcas*, it is unclear whether such preliminary relief—and hence the briefing process thereon—are appropriate if the Policy Memoranda is not in effect.  Plaintiffs must show an individualized need for the extraordinary relief of processing their various applications within a specified amount of time, and the Court's consideration of those requests will inevitably be different if the Policy Memoranda is vacated.

As a result, continuing the current briefing deadlines by 14 days will conserve the limited resources of the Court and the parties, allow the parties to understand what issues they will be litigating, and reduce the likelihood of expending time and effort on issues that may be narrowed.  For the foregoing reasons, Defendant respectfully requests that the Court grant this administrative motion and continue the briefing deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline to Respond to Motion to Certify Class | June 12, 2026 | June 26, 2026 |
| Deadline to Respond to Motion for Preliminary Injunction | June 15, 2026 | June 29, 2026 |
| Deadline for Any Reply to Defendant's Response to Motion to Certify Class | June 19, 2026 | July 3, 2026 |
| Deadline for Any Reply to Defendant's Response to Motion for Preliminary Injunction | June 22, 2026 | July 6, 2026 |

The Court is scheduled to hear the motions on July 24, 2026, which should not be affected by the requested modifications.

Date: June 10, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By:    __/s/ Nag Young Chu_____
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for Defendant

# [PROPOSED] ORDER

**IT IS SO ORDERED**:

Defendant shall respond to the pending motion to certify class by June 26, 2026.  Plaintiff shall file any reply by July 3, 2026.  Defendant shall respond to the pending motion for preliminary injunction by June 29, 2026, and Plaintiff shall file any reply by July 6, 2026.

Date:  June 11, 2026

HONORABLE CHARLES R. BREYER
United States District Judge