United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RED EAGLE LAW, L.C., et al.,
Plaintiffs,

v.

JOSEPH B. EDLOW,
Defendant.

Case No. 26-cv-04850-CRB

**ORDER GRANTING MOTION FOR CLASS CERTIFICATION AND PRELIMINARY INJUNCTION**

Plaintiffs are a group of about 400 citizens/natives of 38 countries. They have a variety of different immigration benefit applications pending before the U.S. Citizenship and Immigration Services ("USCIS"). But on December 2, 2025, USCIS published a policy memorandum that stopped adjudication of applications filed by immigrants from purportedly high-risk countries, which included Plaintiffs' applications. USCIS immediately acted to withhold review of applications indefinitely. Then on January 1, 2026, USCIS published another memorandum, which expanded the number of high-risk countries. Because of the memoranda and USCIS's subsequent inaction, Plaintiffs' applications remain frozen, based only on their nationalities.

Plaintiffs filed suit against Joseph Edlow in his official capacity as the Director of USCIS. See Compl. (dkt. 1). They wish to certify a class action and seek declaratory and injunctive relief to enjoin the delay in adjudication of their applications pursuant to the memoranda and compel Edlow to act on the applications. They propose certification of the following class of individuals who:

(1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; or

(2) Who are seeking asylum with an I-589 application pending or on hold; or

(3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services that is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

Compl. at 3.

Plaintiffs now move to certify the class and seek a preliminary injunction. MTC (dkt. 19); MPI (dkt. 20). Edlow opposes both motions. MTC Opp'n (dkt. 33); MPI Opp'n (dkt. 34). As explained below, the Court **GRANTS** the motions.[1]

## I. MOTION FOR CLASS CERTIFICATION

Plaintiffs contend that the policy memoranda are uniform federal conduct and move for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, which applies where injunctive relief against the opposing party applies generally to the class. MTC at 1. They also propose 18 of the named plaintiffs as class representatives and Red Eagle Law, L.C., as class counsel. Id. at 1–2. Edlow primarily attempts to defeat certification by arguing that this is a case about individualized, unreasonable delay, rather than a challenge to the policy memoranda. See generally MTC Opp'n. As explained below, the Court grants Plaintiffs' motion.

### A. Legal Standard

Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, requires that the Court find by a preponderance of the evidence that the requirements of Rule 23(a), as well as one of three possible requirements under Rule 23(b), are met. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997). The Rule 23(a) requirements are that (1) "the class is so numerous that joinder of all members is impracticable," (2) "there are questions of law or fact common to the class," (3) "the claims or defenses of

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.



United States District Court
Northern District of California

United States District Court
Northern District of California

the representative parties are typical of the claims or defenses of the class," and (4) "the representative parties will fairly and adequately protect the interests of the class."

Plaintiffs seek certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." At the class certification stage, the Court considers the merits of Plaintiffs' case "only to the extent [] that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." In re Diamond Foods, Inc. Sec. Litig., 295 F.R.D. 240, 245 (N.D. Cal. 2013) (quoting Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013)).

"Any doubts regarding the propriety of class certification generally should be resolved in favor of certification." Wolph v. Acer Am. Corp., 272 F.R.D. 477, 481 (N.D. Cal. 2011). Further, "[c]lass certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class." Cummings v. Connell, 316 F.3d 886, 896 (9th Cir. 2003) (citing Soc. Servs. Union, Local 535 v. County of Santa Clara, 609 F.2d 944, 948–49 (9th Cir. 1979)).

**B. Discussion**

Edlow only challenges three of the Rule 23(a) requirements: commonality, typicality, and adequacy. MTC Opp'n at 7–12. Additionally, he argues that Plaintiffs fail to satisfy any of the Rule 23(b) requirements. He also contends that the class definition is overbroad, asserting that it includes class members who did not suffer harm. Id. at 6. The Court takes each argument in turn.

**1. Commonality**

Commonality requires "questions of law or fact common to the class." See Fed R. Civ. P. 23(a)(2). The commonality requirement is "liberally construed," and the existence of some common legal and factual issues is sufficient. Perry v. Schwarzenegger, No. C 09-2292 VRW, 2010 WL 11469749, at *5 (N.D. Cal. Aug. 4, 2010), aff'd on other

grounds, 630 F.3d 898 (9th Cir. 2011); accord Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) ("The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has been construed permissively"), overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 352 (2011). As the Ninth Circuit has noted: "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon, 150 F.3d at 1019. There just needs to be "some glue" that produces a "common answer" for all the class members' claims for relief. Dukes, 564 U.S. at 352.

Edlow concedes that "the Policy Memoranda are the glue that ties Plaintiffs' proposed class together." See MTC Opp'n at 7. Indeed, Plaintiffs contend that the lawfulness of the memoranda is the central question of every class member's claim. MTC at 6–7. But because a district court in Rhode Island has declared the memoranda unlawful, Edlow contends that Plaintiffs cannot seek relief based on the memoranda. MTC Opp'n at 7–8 (citing Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs., No. 26-CV-132-JJM-PAS, 2026 WL 1622708, at *54 (D.R.I. June 5, 2026), judgment entered, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026)). Instead, he asserts that the class is now mired in individualized claims based on the particulars of each class member's application. Id. However, the "issue of a remedy is separate from the question of class certification." Emami v. Mayorkas, 725 F. Supp. 3d 1046, 1059 (N.D. Cal. 2024). As Plaintiffs note, the Dorcas vacatur is a non-final order that the Government is actively appealing. MTC Reply (dkt. 38) at 4. Accordingly, the memoranda continue to provide a legal question common throughout the class.

Nevertheless, Edlow insists that, even if the memoranda were reinstated, Plaintiffs would lack commonality. MTC Opp'n at 8. Because Plaintiffs allege that they are entitled to adjudication in a certain time schedule, Edlow contends that the question of unreasonable delay would devolve into individualized inquiries. Id. On this, the Court

agrees—and Plaintiffs do, too. Plaintiffs point out that the uniform policy in the memoranda is common to the class and that is all the class seeks to challenge, rather than unreasonable delay. MTC Reply at 4–5. Indeed, courts will certify a class based on a challenge to a uniform policy despite additional, unsuccessful claims based on individualized delay. See, e.g., Casa Libre/Freedom House v. Mayorkas, No. 222CV01510ODWJPRX, 2023 WL 3649589, at *14 (C.D. Cal. May 25, 2023) (commonality for uniform policy claim but not for unreasonable delay claim). Because individualized factual issues are irrelevant to the validity of the policy memoranda, the commonality requirement is satisfied.[2]

**2. Typicality**

The typicality requirement is a permissive standard. Hanlon, 150 F.3d at 1019. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Id. at 1020. Class certification should not be granted, however, if there is a danger that defenses unique to the putative class representatives will become a focus of the litigation. Id.

Here, typicality is satisfied because the applications of each class member are subject to the hold imposed by the policy memoranda and it is those memoranda that are the basis of each class member's claim. See MTC at 9. Edlow only argues against typicality because he asserts that the class members have "unique defenses that are atypical to the class." MTC Opp'n at 10. He again posits that this is an unreasonable delay case and points to different benefit applications involving different issues underlying delay. Id. at 10–11. But as discussed, this proposed class is only based on challenges to the policy memoranda—not individualized issues with delay. Accordingly, the Court rejects Edlow's argument.

**3. Adequacy**

The "adequacy" requirement is satisfied if the class representatives and the

[2] The Court further addresses the issue of delay with respect to relief in its discussion on Plaintiffs' motion for a preliminary injunction.

United States District Court
Northern District of California

attorneys they hired "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Hanlon, 150 F.3d at 1020. That is the case here.

Edlow contends that there are potentially conflicting goals among the class because none of the proposed representatives have filed a Form I-601 or for Temporary Protective Status. MTC Opp'n at 12. But this still ignores the singular goal of this class: challenging the uniform policy established in the policy memoranda. As Plaintiffs note, the individual type of application does not matter as every class member is "subject to the same adjudicative hold on the same legal basis." MTC Reply at 9–10. The relief sought would equally apply to each class member, irrespective of application type. Moreover, Edlow's only issue with Red Eagle Law as counsel is the fact that they initially appeared as a named plaintiff in addition to as counsel, which could give rise to potential issues of ethics and loyalty. MTC Opp'n at 12. This argument is now moot given that Red Eagle Law has voluntarily dismissed itself as a named plaintiff. Voluntary Dismissal (dkt. 35).

Accordingly, the Court concludes that the adequacy requirement for class certification is satisfied.

**4. Rule 23(b)(2)**

"Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." Dukes, 564 U.S. at 360. "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 986 (9th Cir. 2011) (quoting Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1195 (9th Cir. 2001)). Here, Plaintiffs primarily seek declaratory and injunctive relief to challenge the legality of the policy memoranda, which would benefit the entire class. See Compl. Edlow's argument against this conclusion again misses the mark. He repeats his position that this case involves individualized inquiry into why each class member's application has been delayed, which would render class-wide relief insufficiently meaningful. MTC Opp'n at 13. But as discussed regarding the Rule 23(a) requirements, and below with respect to the motion for preliminary injunction, a successful challenge against the policy memoranda

adequately provides each class member with relief. Although Edlow is certainly right that there could be individualized issues in this case, they are not the basis of Plaintiffs' complaint as it is currently before the Court. Consequently, the Court determines that Plaintiffs have satisfied Rule 23(b)(2).[3]

**5. Class Definition**

Edlow contends that the class definition is overly broad. MTC Opp'n at 6. He points out that the use of "or" in each of the prongs would include those without any pending benefit applications and even those who fall under exceptions to the policy memoranda's hold. Id. at 6–7. The Court agrees. But as Plaintiffs note, this calls for refinement, not denial of class certification. See MTC Reply at 12–13.

"[D]istrict courts have broad discretion to modify class definitions." Gershzon v. Colgate-Palmolive Co., No. 23-CV-04086-JCS, 2026 WL 1916431, at *47 (N.D. Cal. Apr. 13, 2026). Plaintiffs propose that "the class be defined to require, across all prongs, a pending immigration benefit application that is actually subject to the holds imposed by the Policy Memoranda and that has not received final adjudication." MTC Reply at 13. In the Court's view, this resolves the issue of overbreadth identified by Edlow.

Accordingly, the Court revises the class definition as follows to include those who:

(1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and

(2) Who are seeking asylum with an I-589 application pending; or

(3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;

(4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

[3] Because Plaintiffs satisfy Rule 23(b)(2), the Court does not consider Edlow's arguments against Plaintiffs' alternative basis for certification under Rule 23(b)(1)(A) or against the proposed subclasses. See MTC Opp'n at 14–15.

## II. MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)).

A mandatory injunction is "one that goes beyond simply maintaining the status quo and orders the responsible party to take action pending the determination of the case on its merits." See Doe v. Snyder, 28 F.4th 103, 111 (9th Cir. 2022). "The standard for issuing a mandatory preliminary injunction is high." Id. "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. (quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)) (internal quotations omitted).

## III. DISCUSSION

The Court concludes that all the Winter factors favor Plaintiffs. Each factor is discussed below. The Court then briefly addresses Edlow's jurisdictional arguments.

### A. Likelihood of Success on the Merits

This is not the first challenge to the policy memoranda. The Dorcas court has already declared the policy memoranda unlawful and set them aside as contrary to law and arbitrary and capricious. See Dorcas, 2026 WL 1622708, at *54. Following this decision and pending an appeal, USCIS posted that the policy memoranda "should be treated as if they are not in effect." Ghassemibouyaghchi v. Edlow, No. 26-CV-04933-AGT, 2026 WL 1959121, at *1 (N.D. Cal. July 6, 2026) (citing USCIS post). And Edlow has faced loss after loss in other courts on this very issue—including before this Court. See, e.g., Sadighi

v. Edlow, No. 26-CV-02494-CRB, 2026 WL 2020999 (N.D. Cal. July 13, 2026) (granting preliminary injunction); Sunny-Odio v. Trump, No. 26-CV-04816-RFL, 2026 WL 1763854 (N.D. Cal. June 18, 2026) (same); Behdin v. Edlow, No. 26-CV-00566-SVK, 2026 WL 1031079 (N.D. Cal. Apr. 16, 2026) (same); Doe v. Edlow, No. 2:26-CV-494, 2026 WL 1945085 (S.D. Ohio July 6, 2026) (same). This Court—once again—joins them.

Plaintiffs have shown a likelihood of success on their arbitrary and capricious claims under Section 706(2) of the Administrative Procedure Act ("APA"). See Compl. ¶¶ 172–181 (Count Four).[4] "The touchstone of arbitrary and capricious review under the APA is reasoned decisionmaking." All. for the Wild Rockies v. Petrick, 68 F.4th 475, 493 (9th Cir. 2023) (internal quotation marks and citations omitted). "That means an agency's action can only survive arbitrary or capricious review where it has articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Id. (internal quotation marks and citations omitted). Here, there is "no evidence that [Edlow] considered the reliance interests of immigration benefit applicants or alternatives to an indefinite pause." Sunny-Odio, 2026 WL 1763854, at *1 (finding a likelihood of success on the merits of APA claim); see also Compl. ¶ 176 (memoranda did not consider reliance interests or articulate consideration of alternative options). Accordingly, the Court agrees with the growing chorus of courts that have found the memoranda arbitrary and capricious. See, e.g., Behdin, 2026 WL 1031079, at *21 (no evidence of "reasonable alternatives to the expansive hold policy").

Edlow's argument against Plaintiffs' arbitrary and capricious claim is unavailing. He contends that Plaintiffs cannot point to a discrete agency action. See MPI Opp'n at 8–9. Edlow argues that the Plaintiffs "have not identified an unequivocal mandate that USCIS failed to comply for all immigration benefits." Id. at 9. Specifically, he asserts that they cannot "allege that USCIS has a duty to adjudicate all of Plaintiffs' various petitions

[4] As Plaintiffs have shown a likelihood of success on one claim, the Court need not address their other claims. See Sunny-Odio, 2026 WL 1763854, at *1 (granting preliminary injunction after evaluating only an APA claim).

United States District Court
Northern District of California

within a set time." Id. (emphasis in original). On this, the Court is with Edlow. But that does not mean Plaintiffs cannot point to a discrete agency action for their APA claim.

As the parties agree, USCIS has a mandatory, nondiscretionary duty to act on naturalization applications. See MPI Opp'n at 9; MTC at 12. Indeed, 5 U.S.C. § 555(b) requires an agency to "conclude a matter presented to it" with "due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." However, USCIS's "discretion in how to sequence and consider immigration benefit applications . . . does not excuse USCIS from its mandatory obligation to adjudicate . . . applications at some point." Sareminaeni v. Mullin, No. 25-CV-09238-LJC, 2026 WL 1896217, at *2 (N.D. Cal. July 1, 2026) (citation modified). Accordingly, "the discrete agency action" of adjudicating applications "still falls within the ambit of the APA." Id. (internal quotation omitted).

**B. Irreparable Harm**

Plaintiffs have also shown serious, irreparable harm. Plaintiffs face issues pursuing their livelihoods and career advancement, which has affected their finances and ability to survive. See MPI at 6. This financial hardship is particularly acute where plaintiffs have lost jobs and may lose health insurance. See id. at 7–8; see also Hedayati v. Edlow, No. 26-CV-04054-VKD, 2026 WL 1970745, at *5 (N.D. Cal. July 7, 2026) (irreparable harm from career losses or setbacks, inability to meet financial needs, and "stress due to the uncertainty of their future in the United States").

Even though the policy memoranda are currently vacated, there is still uncertainty pending appeal and thus harm. Courts have granted "follow-on" injunctions post-Dorcas to quell that uncertainty and provide relief to plaintiffs. See, e.g., Sunny-Odio, 2026 WL 1763854, at *2 (granting injunction due to Dorcas appeal); Hedayati, 2026 WL 1970745, at *5 (same). This Court does the same once again.[5]

[5] The Court is aware of other courts that have declined to enter injunctions at this time, due to the current vacatur of the memoranda. See Statement of Recent Decision (dkt. 41). But in the Court's view, a follow-on injunction best balances the uncertainty pending appeal, irreparable harm, and the equities.

**C. Balance of the Equities and the Public Interest**

These final two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). "[T]here is generally no public interest in the perpetuation of unlawful agency action." Am. Ass'n of Univ. Professors v. Trump, 815 F. Supp. 3d 907, 976 (N.D. Cal. 2025) (citation modified). Moreover, Edlow (and USCIS) would not be harmed by an injunction because he admits that USCIS "is currently processing immigration benefit applications without adjudicative holds." See MPI Opp'n at 5.

Nevertheless, the Court agrees with Edlow that Plaintiff's desired relief for adjudication within 60 days (and 10 days for I-765 applications) is improper at this stage. See id. at 15. "Plaintiffs have not cited cogent legal authority or persuasively argued that a [specific] adjudication deadline is consistent with the status quo absent the hold imposed by the Policy Memoranda." Hedayati, 2026 WL 1970745, at *6. The problem imposed by the memoranda is that Plaintiffs have been essentially removed from the adjudication line entirely, while other later applications may proceed. Accordingly, the Court instead directs Edlow (and USCIS) to "put [P]laintiffs back in the 'normal queue,'" as that would "best balance[] the equities and serve[] the public interest." Id.; see also Sunny-Odio, 2026 WL 1763854, at *2 (requiring adjudication "in a manner consistent with USCIS's processes absent the enjoined policies").

**D. Jurisdiction**

Edlow argues that the Court now lacks jurisdiction over the claims of Plaintiffs Partovifar and Ojo because their Form I-765 applications have now been approved. See MPI Opp'n at 3–4 (no live case or controversy where an application has been approved). Plaintiffs counter that, although the applications have been approved, the process is not yet done. MPI Reply (dkt. 39) at 4. They assert that approval is simply the first step for employment authorization; it is completed when a plaintiff receives an Employment Authorization Document card. Id. at 5. As there remains a possibility that Plaintiffs Partovifar and Ojo may continue to be injured, the Court declines to dismiss their claims at

this time.

## IV. CONCLUSION

For the foregoing reasons, the Court **CERTIFIES** the following class in this action of individuals who:

(1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and

(2) Who are seeking asylum with an I-589 application pending; or

(3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;

(4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

The Court **APPOINTS** Red Eagle Law as class counsel and the named plaintiffs identified in Plaintiffs' motion as class representatives, except for Leonardo Virahonda, who has voluntarily dismissed his claims.

As the law and facts clearly favor an injunction, the Court also **GRANTS** Plaintiffs' motion for a preliminary injunction and requires that Plaintiffs' (and the class members') applications be adjudicated in the normal course of USCIS's process. Because Edlow has "not requested a bond under Federal Rule of Civil Procedure 65(c), none should be required. See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882–83 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated: August 24, 2026

CHARLES R. BREYER
United States District Judge